Oliver D. Williams, J.
Plaintiff is the widow of Theodore A. Smits and the legal representative of his estate. She commenced this action to compel the defendant to take back the sum of $82,751.64 paid to her as executrix of her husband’s estate and then pay over said sum to her individually as beneficiary. *912 She claims that this should be done so as to avoid unnecessary-taxes and expenses.
The only issue presented on this motion for summary judgment is whether or not decedent was required to file a designation of beneficiary pursuant to section B2(Mfi.O of the Administrative Code of the City of New York in addition to the designation made by him in 1926 in order for plaintiff to receive decedent’s pension payments under the death gamble clause as a named beneficiary.
The designation made in 1926 reads as follows: “ In accordance with Chapter 303 of the Laws of 1917,1, Theodore A. Smits, hereby nominate Edna F. Smits, whose address is 71 Sheridan Ave., Bklyn, and whose relationship to me is my wife, as the beneficiary to whom I request and hereby authorize the Teachers’ Retirement System to pay in the event of my death prior to retirement on pension the total amount of my accumulated deductions from my compensation standing to my credit in the Teachers’ Retirement System; I further nominate Edna F. Smits, whose address is 71 Sheridan Ave., Bklyn, and whose relationship to me is my wife, as the beneficiary to whom I request and hereby authorize the Teachers ’ Retirement System to pay the cash death benefit allowable on my account in the event of my death, should I at the time of my death be eligible for service retirement. I hereby direct that, should I survive either or both of the before-mentioned beneficiaries, the amount which otherwise would have been payable to the beneficiary or beneficiaries shall be paid to my estate or to such other beneficiary or beneficiaries as I shall hereafter nominate, by written designation filed with the Teachers’ Retirement System in accordance with the rules and regulations prescribed by said Board.”
The designation of beneficiary which defendant contends should have been made in order to entitle plaintiff to the relief she requests reads as follows: “I, the undersigned, do hereby request and elect that the reserve on the retirement allowance payable to me upon date of retirement under the provisions of Chapter 20 of The Administrative Code of The City of New York, be used as provided in Option I of Section B20-46.0 of that Chapter, in providing for me a lesser retirement allowance, with the provision that if I should die before I have received, in the monthly installments of my lesser retirement allowance, the amount of such reserve, the balance of such reserve in excess of the total amount of the monthly installments which I shall have received at the time of my death shall be paid in a lump sum to * *
*913 It is clear therefrom that each of the two designations applies to different funds, each determined under different contingencies, one upon death before retirement, the other upon death after retirement.
The fund for which the decedent made his designation of beneficiary in 1926 is not now involved. The fund for which no designation was made is decedent’s retirement allowances which his estate or beneficiary became entitled to pursuant to section 3320-41.0 of the Administrative Code of the City of New York. Said section states in part: ‘ ‘ his said retirement shall become effective with the same benefits to the beneficiary designated pursuant to section 3320-46.0 of the code or to the legal representative of such contributor if no beneficiary was so designated, as if such contributor had retired and had become entitled to retirement allowance on the day immediately preceding his death. ’ ’
The decedent having failed to make a designation pursuant to B20-46.0 or indicate an election of an option thereunder, the payment of the retirement benefits by defendant to the legal representative of his estate is proper.
Accordingly, plaintiff’s motion for summary judgment is denied and judgment dismissing the complaint is awarded in favor of defendant, without costs.